64 F.3d 666
 76 A.F.T.R.2d 95-6012, 95-2 USTC P 50,482
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Iris DUGOW, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70083.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1995.*
Decided Aug. 15, 1995.
 
 Before: THOMPSON, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Iris Dugow ("Taxpayer") appeals from the Tax Court's decision upholding the Commissioner's imposition of certain additions to underlying and undisputed tax liabilities, arguing that the facts do not support the finding that Taxpayer was negligent and acted unreasonably by relying on the advice of others. We affirm.
 
 
 3
 * During the time in question (i.e., for tax years 1981 and 1982), sections 6653(a)(1) and 6653(a)(2) of the 1954 Internal Revenue Code (as amended) provided that the Commissioner could assess an addition to tax equal to 5% of the underpaid amount, and an extra 50% of the interest payable thereon, if the underpayment was attributable to the taxpayer's negligence. The parties agree that "negligence" for purposes of section 6653 is governed by the "reasonable and prudent person" standard, and that a "reasonable and prudent person" may assert the defense of good faith reliance on professional advice.
 
 
 4
 Taxpayer attempts to justify her decision to turn over her income, and the handling of her personal financial affairs, to someone she hardly knew, by portraying herself as a somewhat naive and financially unsophisticated woman with little business acumen. We find these efforts unpersuasive. At the time in question, Taxpayer earned a substantial income as a senior business executive, and had several years' experience in the television and film industry. She holds undergraduate and graduate degrees from prominent universities, and enjoyed an enviable degree of success, as evidenced by her rapid rise from a production assistant at ABC Sports in 1975 to a senior vice-presidency at HBO just six years later. We find no clear error with the Tax Court's factual findings underlying its conclusion that additions to tax were warranted under section 6653(a). See Kelley v. C.I.R., 45 F.3d 348, 350 (9th Cir. 1995).
 
 II
 
 5
 The Commissioner can impose an addition to tax representing a percentage of any "substantial understatement" of income tax for a given year. 26 U.S.C. Sec. 6661(a). All or any part of this addition to tax may be waived by the Commissioner, however, if the taxpayer establishes "that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." 26 U.S.C. Sec. 6661(c). Taxpayer concedes that she substantially understated her tax liability for 1982, but argues that she is entitled to relief under section 6661(c).
 
 
 6
 Regardless of whether counsel's protest letter of September 24, 1986, constitutes a proper request for a waiver under section 6661(c), we find no abuse of discretion in the Commissioner's decision not to waive the section 6661(a) addition to tax for 1982 for the reasons set forth in Part I.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3